Rhonda C. BURSTEIN, et al., Plaintiff,

v.

FIRST PENN–PACIFIC LIFE
INSURANCE COMPANY,
Defendant.

No. 01–985–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Sept. 18, 2002.

Daniel S. Gelber, Holland & Knight, Miami, FL, Michael Elliot Criden, Alan H. Rolnick, Michael A. Hanzman, Hanzman Criden Chaykin & Rolnick, Coral Gables, FL, for plaintiff.

Franklin G. Burt, Farrokh Jhabvala, Jorden Burt LLP, Miami, FL, for defendant.

### ORDER

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendant First Penn–Pacific Life Insurance Company's Motion for Judgment on the Pleadings and Plaintiff's Motion for Class Certification.

**THE COURT** has reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### BACKGROUND

In March 1998, Plaintiff Rhonda Burstein ("Plaintiff"), acting through an independent insurance broker, completed an application for a life insurance policy with Defendant First Penn–Pacific Life Insurance Company ("Defendant"). The application provided, in pertinent part:

1. Unless the policy becomes effective as specified in the Conditional Receipt attached to this application, the [sic] First Penn–Pacific will incur no liability until: a. any policy applied for has been delivered to and accepted by [the insured]; and b. the first premium is paid.

(Compl.Ex. B.) Because Plaintiff did not submit payment with her application, a Conditional Receipt was not issued and the submission of the application did not provide Plaintiff with any current insurance coverage.

Defendant delivered the policy to Plaintiff by way of her insurance broker.[1] The policy had a "Policy Date" of May 6, 1998. As defined in the application, the Policy Date is "[t]he effective date of coverage under this Policy if all the terms of the application are satisfied including the payment of the premium due. This is the date from which policy anniversaries, policy years, policy months and premium due dates are determined." (Compl.Ex. C.) On or around July 30, 1998, Plaintiff tendered her initial annual premium check of $2,485.00 to Defendant. Accordingly, based on the language in the policy, coverage began on July 30, 1998.

In April 1999, Defendant sent Plaintiff a notice that her annual premium payment of $2,485.00 was due, and Plaintiff timely remitted the full premium. This process was repeated in 2000, with Plaintiff paying her annual premium of $2,485.00 for her third policy year in April 2000.

On March 12, 2001, Plaintiff, on behalf of herself and all class members, filed her class-action Complaint alleging four counts: I) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); II) breach of contract; III) unjust enrichment; and IV) injunctive relief. Plaintiff's primary claim is that Defendant knowingly misrepresented that for her first year of coverage, Plaintiff would receive twelve months of coverage in return for her annual premium payment, when in fact Plaintiff received only nine months of coverage.

On May 3, 2001, Defendant filed its Motion to Dismiss, arguing that all four Counts fail to state a claim, and that Count I is completely barred by the McCarran–Ferguson Act, 15 U.S.C. §§ 1101, *et seq.*

On July 13, 2001, the Court granted Defendant's Motion to Dismiss on the basis of the McCarran–Ferguson Act. Specifically, the Court determined that allowing Plaintiff's class action RICO claim to progress would result in the impairment of Florida's administrative regime by skirting both the 60 day notice requirement and the prohibition

---

1. The Complaint is unclear as to when Plaintiff's insurance broker or Plaintiff actually received the policy.

against class action lawsuits set forth in Florida Statute § 624.155.

On July 27, 2001, Plaintiff moved for rehearing, arguing that the Court's dismissal of Plaintiff's claims was both prejudicial and manifestly erroneous as a matter of law. In particular, Plaintiff argued that Florida Statute § 624.155 does not regulate the business of insurance and therefore cannot be a basis for McCarran–Ferguson Act reverse preemption and that RICO does not invalidate, impair or supercede Florida Statute § 624.155. On February 11, 2002, the Court reconsidered its Order granting Defendant's motion to dismiss and held that the McCarran–Ferguson Act does not bar Plaintiff's RICO claims.

On April 16, 2002, Defendant filed its Motion for Judgment on the Pleadings, arguing that 1) upon review of the pleadings and the contract, Plaintiff cannot state a claim for breach of contract; 2) Plaintiff's failure to allege reliance in her RICO mandates the dismissal of that claim and 3) Plaintiff's RICO claim is barred by the McCarran–Ferguson Act. With respect to its argument that Plaintiff failed to allege reliance, Defendant relies on the Eleventh Circuit's opinion in *Sikes v. Teleline, Inc.*, 281 F.3d 1350 (11th Cir.2002), decided on February 13, 2002, just two days after this Court issued its ruling on Plaintiff's motion for reconsideration.

In addition to the Defendant's Motion for Judgment on the Pleadings, Plaintiff's Motion for Class Certification is pending before the Court. Defendant opposes this motion, arguing Plaintiff has failed to meet the requirements set forth in Rule 23(a) and Rule 23(b)(3).

## DISCUSSION

### I. MOTION FOR JUDGMENT ON THE PLEADINGS

#### Standard

A judgment on the pleadings is appropriate only when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (applying standard for a motion to dismiss). For the purpose of the motion for judgment on the pleadings, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### A. Plaintiff's RICO Claim

In Count II of her Complaint, Plaintiff alleges a RICO claim predicated on mail fraud. Defendant moves for judgment on the pleadings on this Count, arguing 1) it is barred by the McCarran–Ferguson Act;[2] and 2) Plaintiff failed to allege reliance.

■ Two days after this Court reconsidered its order dismissing Plaintiff's claims, the Eleventh Circuit issued its opinion in *Sikes v. Teleline, Inc.*, 281 F.3d 1350 (11th Cir.2002). In *Sikes*, the Eleventh Circuit held that "when a plaintiff brings a civil RICO case predicated upon mail or wire fraud, he must prove that he was 'a target of the scheme to defraud' and that he 'relied to his detriment on misrepresentations made in furtherance of the scheme.'" *Id.* at 1360 (quoting *Pelletier v. Zweifel*, 921 F.2d 1465, 1498 (11th Cir.1991). The Eleventh Circuit, in making this finding, clearly stated that reliance must be alleged and proven and cannot be presumed. *Id.* at 1361. Accordingly, pursuant to *Sikes*, a plaintiff who asserts a RICO claim predicated on mail or wire fraud has the burden of alleging and proving: 1) that the defendant intentionally participated, 2) in a scheme to defraud, 3) the plaintiff of money or property, 4) by means of material misrepresentation, 5) using the mails or wires, 6) that the plaintiff relied on a misrepresentation made in furtherance of the fraudulent scheme 7) that the misrepresentation would have been relied upon by a reasonable person 8) that the plaintiff suffered injury as a result of such reliance and 9) that

---

2. The Court has already made its final determination with respect to McCarran–Ferguson Act

reverse preemption.

the plaintiff incurred a specifiable amount of damages. *Id.*

■ Plaintiff fails to allege reliance on a misrepresentation in furtherance of the· fraudulent scheme in her complaint. This failure necessitates judgment on the pleadings in favor of Defendant on Plaintiff's RICO claim. *See Id., see also Weinstein v. Zurich Kemper Life,* No. 01–6140–CIV–DIMITROULEAS (S.D.Fla.2002)(holding that Plaintiff's failure to allege reliance in a case virtually identical to this case was grounds for dismissal).

**B. Remaining State Law Claims**

■ As a result of the dismissal of Plaintiff's RICO claim, the only federal claim in this lawsuit, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), a district court is permitted to decline to exercise supplemental jurisdiction when all claims over which it has original jurisdiction have been dismissed. Accordingly, the Court will exercise its discretion and dismiss Plaintiff's remaining state law claims without prejudice.

**II. Motion for Class Certification**

Although Plaintiff's complaint is dismissed, the Court finds it would be helpful to rule on Plaintiff's motion for class certification, in the event Plaintiff seeks to amend her pleading to allege the requisite individual reliance.

Plaintiff sought to certify the class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), on behalf of a class defined as follows:

All persons who purchased life insurance from First Penn since March 1, 1996, through the date of judgment entered in this case, and who paid a premium for a period of time during which First Penn did not provide insurance coverage because the policy's Policy date was calculated by First Penn to be a date prior to the date the policy actually became effective (the "Class"). Excluded from the class are First Penn, its employees, agents, family members, legal representatives, heirs, subsidiaries, affiliates, successors or assigns. (Compl. ¶ 8).

■ "A class action may be maintained only when it satisfies all of the requirements of Fed.R.Civ.P. 23(a) and at least one of the alternative requirements of Rule 23(B)." *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir.1997). Pursuant to Rule 23(b)(3), a class may be maintained if "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and if a class action is a "superior" method if litigation. In addition, the Eleventh Circuit has "impose[d] two additional requirements for class certification—predominance and increased efficiency." *Id.* at 1006.

■ The Court finds that Plaintiff's class cannot be certified because individual issues predominate over common issues in violation of Rule 23(b)(3). As stated above, a RICO claim requires the plaintiffs to show "on an individual basis, that they relied upon the misrepresentations, suffered injury as a result, and incurred a demonstrable amount of damages." *Andrews v. Am. Tel. & Tel. Co.,* 95 F.3d 1014, 1025 (11th Cir.1996); *see also Sikes,* 281 F.3d at 1360. The reliance and causation elements of Plaintiff's RICO claim necessarily entail individual inquiries of virtually each and every class member. Reliance will depend on the state of mind of the class member and simply cannot be resolved on a class-wide basis. *See e.g., Sikes,* 281 F.3d at 1364; *Gibbs Properties Corp. v. Cigna Corp.,* 196 F.R.D. 430, 440 (M.D.Fla.2000)("Plaintiffs would have to prove individual reliance on written materials. Once again, 40,000 separate inquiries into reliance make this case unmanageable as a class action.") Because the need to prove reliance raises a host of individual issues for virtually every class member, the Court finds that certification of Plaintiff's class would not appropriate.

**CONCLUSION**

Based on the foregoing analysis, it is hereby,

**ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings is GRANTED. Plaintiff's Complaint is DISMISSED. It is further,

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Class Certification is DENIED. It is further,

**ORDERED AND ADJUDGED** that this case is CLOSED and all pending motions are DENIED as MOOT.